IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF KANSAS

| | |
|---|---|
| MICHAEL GILBERT, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06-1230-WEB |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM AND ORDER

This matter is before the court on Plaintiff's "Application for Attorney Fees Pursuant to the Equal Access to Justice Act." The motion requests an award of attorney fees pursuant to Equal Access to Justice Act, 28 U.S.C. 2412.

I. Background

Plaintiff filed an application for Social Security Disability and Supplemental Security Income payments, which was denied initially and on reconsideration at the administrative level. Plaintiff exhausted his administration remedies. Plaintiff filed a complaint in District Court, the Magistrate Judge recommended the Commissioner be reversed, and the case be remanded for further proceedings. The District Court adopted the recommendations of the Magistrate Judge. Plaintiff then filed this motion for attorney fees pursuant to Equal Access to Justice Act.

The plaintiff's Application for Attorney Fees requests fees, costs, and other expenses for 25.3 hours of work at $160.00 per hour, totaling $4048.00. The motion requests the award be made payable directly to Parmele Law Firm.

The Government does not oppose the award of attorney fees, or the amount of the fee.

1

The government objects to plaintiff's request that payment be made directly to counsel, instead of the plaintiff, or "prevailing party".

II. Discussion

A court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action, including judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412. A plaintiff will be considered a "prevailing party" for attorney's fees purposes if they succeed on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933 (1983).

The Tenth Circuit has addressed the payment of EAJA fees. In *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006), the court determined an EAJA award is to the claimant, while counsel receives an SSA award. The court relied on the language of 28 U.S.C. § 2412(d)(1)(a), "a court shall award to a prevailing party...". The court determined the goal of Congress was to encourage attorneys to represent claimants in SSA proceedings, and this tended "to indicate that the broader reading of § 406(b)(1) is the more appropriate reading." *McGraw* at 500.

In *Reeves v. Barnhart*, 473 F.Supp.2d 1173 (M.D. Ala. 2007), the court similarly held that the EAJA fees had been correctly ordered paid directly to the plaintiff – with the result that the payment was subject to setoff under the Debt Collection Act – by virtue of the language of the EAJA. The court found the "offset of the award was conducted in accordance with applicable

legislative and regulatory authorities, and there are no grounds for the reissuance of the award directly to Plaintiff's attorney."

As the statute requires, any fee award is made to the "prevailing party", not the attorney. Thus, the prevailing party's attorney could not directly claim or be entitled to the award, it had to be requested on behalf of the party.  If an award of attorney fees is obtained on behalf of the attorney, the claimant is obligated to turn it over to the attorney.   *Phillips v. General Services Admin.*, 924 F.2d 1577, 1582.

### III.  Conclusion

The court finds the request for attorney fees for the amount of $4048.00 is appropriate. The court finds the award of attorney fees is payable to the "prevailing party", the claimant, and it is not directly payable to the attorney for the claimant.  The statutory language of the Equal Access to Justice Act dictates the award for fees and expenses belong to the prevailing party, not the attorney of the prevailing party.

IT IS THEREFORE ORDERED the plaintiff's Application for Attorney Fees Pursuant to the Equal Access to Justice Act (Doc. 16) is GRANTED in part and DENIED in part.

IT IS THEREFORE ORDERED Attorney Fees pursuant to the Equal Access to Justice Act are to be paid to the claimant in the amount of $4048.00.

SO ORDERED this 30th day of August, 2007.


       s/ Wesley E. Brown  
Wesley E. Brown, U.S. Senior District Judge